UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ENRIQUE MOLINA,
    Plaintiff,
vs.
ALLSTATE FINANCIAL SERVICES, INC., and
APPLIED BANK,
    Defendants.
_____/

# **COMPLAINT**
**(Jury Demand)**

## Introduction

1. This is an action for actual damages, statutory damages, and injunctive relief brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (''FDCPA'') and the Florida Consumer Collection Practices Act, § 559.55, *et seq.*, Florida Statutes ("FCCPA"),

## Jurisdiction

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

3. The Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. § 1367.

4. Injunctive relief is available according to the FCCPA, § 559.77(2).

## Venue

5. Venue in this District is proper, according to 28 U.S.C. § 1391, because

Defendants transact business here and the conduct complained of occurred here.

**Parties**

6. Plaintiff **ENRIQUE MOLINA** ("MOLINA") is a natural person residing at all relevant times in Miami-Dade County, Florida.

7. Plaintiff is a ''consumer'' as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant **ALLSTATE FINANCIAL SERVICES, INC.** ("ALLSTATE") is a corporation with its principal place of business in Las Vegas, Nevada.

9. Defendant ALLSTATE is in the business of collecting debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due another or debts it purchases post-default.

10. ALLSTATE is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11. Defendant **APPLIED BANK** ("APPLIED") is a Delaware Corporation, with its principal place of business in Wilmington, Delaware.

**Facts**

12. APPLIED issued MOLINA a Visa credit card, number 4227 0938 8664 0840.

13. MOLINA's Visa account became delinquent.

14. APPLIED hired ALLSTATE to collect from MOLINA the Visa account debt.

15. ALLSTATE sought to collect the Visa account debt from MOLINA.

16. The debt ALLSTATE sought to collect was a "consumer" "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

17. On or about September 2008, **MOLINA paid and settled the Visa account debt in full with ALLSTATE.**

18. On 10 December 2008, National Recovery Center, Inc., on behalf of APPLIED, sought to collect from MOLINA on the Visa account debt.

19. On or about February 2009, ALLSTATE called MOLINA to collect on the Visa account debt.

20. On 5 March 2009, MOLINA's attorney informed ALLSTATE that he represented MOLINA.

21. On 7 June 2009, ALLSTATE called MOLINA to collect on the Visa Account debt.

22. On 21 July 2009, ALLSTATE called MOLINA to collect on the Visa account debt.

23. On 22 July 2009, ALLSTATE called MOLINA to collect on the Visa account debt.

24. On 23 July 2009, ALLSTATE called MOLINA to collect on the Visa

account debt.

25. On July 2009, ALLSTATE called MOLINA to collect on the Visa account debt.

26. On 11 September 2009, Full Circle Financial Services, on behalf of APPLIED, sought to collect from MOLINA on the Visa account debt.

27. On or about October and November 2009, ALLSTATE called MOLINA at his work to collect on the Visa account debt.

## COUNT I
### (ALLSTATE: Collecting On Paid And Settled Debt)

28. Plaintiff realleges and incorporates here paragraphs 1 through 27.

29. ALLSTATE violated 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692f(1) by collecting from MOLINA on the debt which had been previously settled.

30. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### (ALLSTATE: Failing To Disclose Status As Debt Collector)

31. Plaintiff realleges and incorporates here paragraphs 1 through 27.

32. ALLSTATE violated 15 U.S.C. § 1692e(11) by failing disclose in the telephone calls that it was a debt collector.

33. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT III
## (ALLSTATE: Failing To Make Meaningful Disclosure of Identity)

34. Plaintiff realleges and incorporates here paragraphs 1 through 27.

35. ALLSTATE violated 15 U.S.C. § 1692d(6) by failing to make a meaningful disclosure of its identity in the telephone calls to MOLINA.

36. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT IV
## (ALLSTATE: Creating False Sense Of Urgency)

37. Plaintiff realleges and incorporates here paragraphs 1 through 27.

38. ALLSTATE violated 15 U.S.C. § 1692e by creating a false sense of urgency in the telephone calls to MOLINA.

39. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT VI
## (ALLSTATE: Misrepresenting Non-Existent Legal Case)

40. Plaintiff realleges and incorporates here paragraphs 1 through 27.

41. Defendant violated 15 U.S.C. § 1692e by misrepresenting in its calls to MOLINA that he had a pending legal case in the State of Florida.

42. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT VI
## (ALLSTATE: Communicating With Represented Consumer)

43. Plaintiff realleges and incorporates here paragraphs 1 through 27.

44. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff knowing he was represented by an attorney with respect to the debt.

45. As a result of the violation of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## State Law Claims

46. The debt which Defendants sought to collect is a "consumer debt" as defined by the FCCPA, § 559.55(1).

47. Plaintiff is a "consumer" as defined by the FCCPA, § 559.55(2).

48. ALLSTATE is a "debt collector" as defined by the FCCPA § 559.55(6).

49. APPLIED is a "creditor" as defined by the FCCPA § 559.55(3).

## COUNT VII
## (ALLSTATE: Communicating With Represented Debtor)

50. Plaintiff realleges and incorporates here paragraphs 1 through 27 and 46 through 49.

51. By communicating with Plaintiff after it knew he was represented by and attorney, ALLSTATE violated § 559.72(18), Florida Statutes.

52. As a result of its violation of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, attorney's

fees, and injunctive relief.

## COUNT VIII
### (ALLSTATE: Collecting Illegitimate Debt)

53. Plaintiff realleges and incorporates here paragraphs 1 through 27 and 46 through 49.

54. By collecting on Plaintiff's paid and settled debt, ALLSTATE violated § 559.72(9), Florida Statutes.

55. As a result of its violation of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, attorney's fees, and injunctive relief.

## COUNT IX
### (ALLSTATE: Giving False Impression Of Attorney Association)

56. Plaintiff realleges and incorporates here paragraphs 1 through 27 and 46 through 49.

57. By claiming to be calling from the "legal" office or department referencing a "case" in the State of Florida, ALLSTATE violated § 559.72(12), Florida Statutes.

58. As a result of its violation of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, attorney's fees, and injunctive relief.

## COUNT X
## (APPLIED: Collecting Illegitimate Debt)

59. Plaintiff realleges and incorporates here paragraphs 1 through 27 and 46 through 49.

60. By collecting on Plaintiff's paid and settled debt, APPLIED violated § 559.72(9), Florida Statutes.

61. As a result of its violation of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, attorney's fees, and injunctive relief.

## Prayer For Relief

62. WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for:

   A. Actual damages, according to 15 U.S.C. § 1692k(a)(1);

   B. Statutory damages, according to 15 U.S.C. § 1692k(a)(2)(A);

   C. Costs, according to 15 U.S.C. § 1692k(a)(3);

   D. Reasonable attorney's fees, according to 15 U.S.C. § 1692k(a)(3).

   E. Actual damages, according to § 559.77(2), Florida Statutes;

   F. Statutory damages, according to § 559.77(2), Florida Statutes;

   G. Costs, according to § 559.77(2), Florida Statutes, 28 U.S.C. §§ 1920 and Fed.R.Civ.P. 54(d);

   H. Reasonable attorney's fees, according to § 559.77(2), Florida Statutes;

I.  A permanent injunction prohibiting Defendant from continuing to violate the FCCPA, according to § 559.77(2), Florida Statutes;

J. Punitive damages, according to § 559.77(2), Florida Statutes.

## JURY TRIAL DEMAND

63.  Plaintiff demands trial by jury.

Dated: 2010-04-15
Coral Gables, Florida

Respectfully submitted,

s/ *Leo Bueno*

Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com
*Attorney for Plaintiff ENRIQUE MOLINA*

U:\CLIENTS\Molina Enrique 0194\0194 Molina FDCPA FCCPA complaint.doc